UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Violet Rabon, | ) | C/A No. 4:08-cv-03442-GRA |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This matter is before the Court for a review of Magistrate Judge Thomas E. Rogers' Report and Recommendation made in accordance with 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(a), D.S.C., and filed February 10, 2010. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits (DIB). Defendant filed objections on February 24, 2010. The magistrate recommends reversing the Commissioner's decision and remanding the case to the Commissioner for further proceedings consistent with the Report and Recommendation.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is also charged with making a *de novo* determination of those

portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Commissioner filed objections to the magistrate's Report and Recommendation on February 24, 2010.

Under 42 U.S.C. § 405(g), the Court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See Myers v. Califano*, 611 F.2d 980, 982 (4th Cir.1980). In other words, the court "must uphold the factual findings of the [Commissioner only] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir.1996). "Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990) (internal quotation marks omitted). Hence, if the Commissioner's finding is supported by substantial evidence, the Court should uphold the Commissioner's finding even if the Court disagrees with it. *See id.*

Commissioner's first objection is that the Administrative Law Judge (ALJ) properly considered and discussed the combined effects of all of Plaintiff's

impairments. The magistrate judge found that, at step two of the sequential evaluation process, the ALJ did not adequately discuss the combined effects of Plaintiff's impairments. The Fourth Circuit in *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989), made clear that the Secretary **must** consider the combined effect of a claimant's impairments and not fragmentize them and that the ALJ must adequately explain his or her evaluation of the combined effects of the impairments. *See Walker*, 889 F.2d at 50 (citations omitted); *see also Saxon v. Astrue*, 2009 U.S. Dist. LEXIS 85250 (D.S.C. Sept 14, 2009) (providing an example of the correct application of the legal standard for an ALJ's consideration and explanation of the combined effects of a claimant's multiple impairments). The Commissioner asserts that the ALJ used phrasing that proves the ALJ considered the combined effect of the impairments – such as "consideration of all of the evidence" or that the ALJ's RFC assessment was based on "consideration of all symptoms." However, the ALJ's findings provide no indication that he considered the combined effect of the non-severe physical impairments together with Plaintiff's severe physical impairments. The findings also give no indication that he considered the combined effects of Plaintiff's mental and physical impairments, as each is treated completely separately and distinctly within the opinion. Therefore, this objection is overruled.

Commissioner's second objection is that if there is any inadequacy in the ALJ's discussion, it is harmless. This Court, however, cannot perform its review when a complete record is not before it. *See Aurand v. Astrue*, 2009 WL 364389 (D.S.C.

Feb. 12, 2009). Therefore, this error is not harmless as it hinders this Court's ability to fulfill its function at this time.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law, and substantial evidence supports the magistrate's findings and conclusions. Accordingly, this Court accepts and adopts the Report and Recommendation in its entirety. The objection is overruled.

IT IS THEREFORE ORDERED that the Commissioner's decision is REVERSED, and this case is REMANDED to the Commissioner for proceedings consistent with the magistrate's Report and Recommendation.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March 9, 2010
Anderson, South Carolina